J-S06045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ODE SAVAGE | |
| Appellant | No. 2151 EDA 2016 |

Appeal from the Judgment of Sentence June 17, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0001222-2016

BEFORE: MOULTON, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED APRIL 24, 2017**

Appellant, Ode Savage, appeals from the judgment of sentence of four to ten years' imprisonment entered in the Philadelphia County Court of Common Pleas following his bench trial convictions of three violations of the Uniform Firearms Act[1] ("VUFA") and additional drug and traffic offenses. Appellant challenges the sufficiency of the evidence for the VUFA convictions. We affirm.

We adopt the facts and procedural history set forth by the trial court's opinion. *See* Trial Ct. Op., 9/7/16, at 1-3. In this timely appeal, Appellant raises the following issue for review: "[w]as the evidence insufficient to

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6105(a)(1) (persons not to possess firearms), 6106(a)(1) (firearms not to be carried without a license), 6108 (carrying firearms in public in Philadelphia).

support the VUFA offenses?"[2]  Appellant's Brief at 3.  Appellant argues the

evidence was insufficient because the Commonwealth failed to establish he

constructively possessed the firearm located in the backseat of the vehicle

he was driving.  Appellant contends the evidence did not prove he knew the

firearm was in the vehicle, or that he intended to possess or exercise

dominion over the firearm.  He emphasizes that the firearm was in the back

---

[2] We note that the trial court ordered Appellant to file a Rule 1925(b) statement by August 23, 2016.  On August 24, 2016, Appellant's former counsel, Jennifer Ann Santiago, Esq. ("former counsel"), filed an untimely Rule 1925(b) statement raising, *inter alia*, the sufficiency of the evidence issue presented in this appeal.  The following day, former counsel filed a Rule 1925(c) statement of intent to seek withdrawal from representation. The trial court issued a responsive opinion on September 7, 2016, in which it deemed all of Appellant's issues waived for failure to file a timely Rule 1925(b) statement.  Nevertheless, the court addressed the merits of the issues raised in the untimely statement.  This Court subsequently permitted former counsel to withdraw, and, on remand, the trial court appointed current counsel, John Belli, Esq. ("counsel"), to represent Appellant on appeal.

Thereafter, counsel filed with this Court a petition to remand to file a Rule 1925(b) statement to preserve Appellant's right to appellate review of all of his issues.  This Court denied Appellant's petition, however, "[i]in light of the fact that the trial court opinion addressed issues raised in a statement pursuant to Pa.R.A.P. 1925(b) filed by former counsel[.]"  Order, 11/2/16; *Cf. Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) (allowing for immediate review where the trial court received the appellant's untimely statement but ultimately addressed the issues in a written opinion).  Therefore, despite Appellant's untimely Rule 1925(b) statement, we shall address the merits of his sufficiency issue on appeal.

Lastly, we note that Appellant has abandoned the claims in his Rule 1925(b) statement that the evidence was insufficient to support the conviction for the drug offense, that the verdict was against the weight of the evidence, and that the sentence was manifestly excessive.  *See Commonwealth v. Dunphy*, 20 A.3d 1215, 1218 n.2 (Pa. Super. 2011).

seat of the vehicle and was also accessible to the individual who exited from the front passenger seat of the vehicle and fled on foot during the traffic stop. Appellant, thus, claims that this Court should vacate his judgment of sentence. We conclude no relief is due.

It is well settled that:

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1235-36 (Pa. 2007) (citation and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Barbara A. McDermott, we conclude the trial court's opinion comprehensively discusses and properly disposes of the sole issue presented. ***See*** Trial Ct. Op. at 4-6 (finding the totality of the circumstances supported the conclusion that Appellant was in constructive possession of the firearm, as it was discovered within arms' reach of Appellant in the back seat of the vehicle he was driving). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2017

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :   CP-51-CR-0001222-2016

          : 

      v.          :

          : 

          :

ODE SAVAGE           :

          :

**FILED**

SEP 07 2016

Criminal Appeals Unit
First Judicial District of PA

**OPINION**

**McDermott, J.**                  **September 7, 2016**

**Procedural History**

On January 15, 2016, the Defendant, Ode Savage, was arrested and charged with three

violations of the Uniform Firearms Act and other related offenses. On June 14, 2016, the

Defendant elected to be tried on a bench trial. On that same date, this Court convicted the

Defendant of Possession of a Firearm Prohibited, Carrying a Firearm Without a License,

Carrying a Firearm on a Public Street in Philadelphia, Possession of a Controlled Substance,

Driving With a Suspended or Revoked License, and Improper Sunscreen.[1]

Sentencing was deferred to July 17, 2016 for preparation and review of pre-sentence and

mental health reports. On that date, this Court sentenced the Defendant on July 17, 2016 to four

to ten years imprisonment for Possession of a Firearm Prohibited and a concurrent sentence of

three-and-a-half to seven years for Carrying a Firearm Without a License, for a total sentence of

four to ten years imprisonment.[2]

---

[1] This Court acquitted the Defendant of Possession of an Instrument of Crime.

[2] This Court imposed no further penalty on the remaining charges.

On June 27, 2016, the Defendant filed a timely post sentence motion, which this Court denied on June 28, 2016. The Defendant appealed and this Court ordered the Defendant to file a Rule 1925(b) Statement by August 23, 2016. On August 24, 2016, the Defendant filed an untimely 1925(b) Statement. On August 25, 2016, Appellate Counsel filed a Statement of Matters Complained of Pursuant to Pa.R.A.P. 1925(c)(4), wherein counsel stated her intent to file an *Anders/McClendon* brief.

**Facts**

At approximately 8:00 p.m. on January 15, 2016, Philadelphia Police Officers Christopher Adams and Denia Starks observed a grey Nissan Altima travelling southbound on Robinson Street in West Philadelphia. Upon noticing that the tint of Altima's windows was unlawfully dark, the officers signaled for the vehicle to pull over. N.T. 6/14/2016 at 16–18, 33, 41–42.

After the vehicle stopped in front of 22 South Robinson Street, an unidentified individual fled the vehicle from the front passenger side and entered a nearby home. Officer Adams approached the driver's side of the vehicle and ordered the driver, the Defendant Ode Savage, to lower the front driver and passenger side windows. After the Defendant complied, Officer Adams asked for the Defendant's license, registration, and proof of insurance. The Defendant lifted the center console armrest to retrieve the paperwork, whereupon Officer Starks, from outside the front passenger window, observed several packets of a white chalky substance, later identified as heroin, in the center console. N.T. 6/14/2016 at 18–22, 41–43, 55.

Officer Adams immediately removed the Defendant from the vehicle, after which he and Officer Starks conducted an investigatory sweep of the vehicle. While searching the back seat area of the vehicle, Officer Starks discovered a black revolver on the floor immediately behind

2

the front passenger seat, which she asked Officer Adams to recover. A records inspection of the driver and the vehicle indicated that the Defendant did not have a drivers' license. N.T. 6/14/2016 at 22–23, 30–31, 43–48.

At trial, Counsel stipulated that, if called to trial, Officer Daniel Cha would testify that he tested the weapon recovered from the vehicle and would verify that it was operable. The Commonwealth introduced a certificate of non-licensure, and a secure court summary demonstrating a prior conviction that precluded the Defendant from possessing a firearm.[3] N.T. 6/14/2016 at 55–56.

## Discussion

The Defendant's untimely 1925(b) statement challenges the weight and sufficiency of the evidence, and argues that this Court's sentence was manifestly excessive. Since the Defendant failed to comply with this Court's August 9, 2016 Order to file a 1925(b) statement by August 23, 2016, he waives each of his claims on appeal. *See Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). "Because the untimely or complete failure to file a Rule 1925(b) statement waives issues on appeal, counsel is *per se* ineffective." *Commonwealth v. Burton*, 973 A.2d 428, 432 (Pa. Super. 2009). Where counsel has filed a concise, but untimely, Rule 1925 statement, the trial court should address the issues raised on appeal within its Rule 1925(a) opinion to avoid unnecessary delay. *See Commonwealth v. Thompson*, 39 A.3d 335, 340 n. 11 (Pa. Super. 2012) (*citing Burton*, 972 A.2d at 434).

---

[3] To avoid prejudicing the Defendant during the bench trial, this Court declined to hear the nature of the Defendant's prior conviction.

3

On August 25, 2016, Appellate Counsel filed an untimely 1925(c)(4) statement, indicating her intent to file an *Anders* brief. Within the 1925(c)(4) statement, counsel states that she failed to discover any non-frivolous claims, as evidence adduced at trial clearly established constructive possession and this Court's sentence was legal. For the benefit of future proceedings, this Court will review each of the Defendant's waived claims.

The Defendant challenges the sufficiency of the evidence based on the Commonwealth's failure to establish that he constructively possessed the firearm and heroin recovered from the vehicle. Evidence is sufficient to sustain a conviction when, viewed in the light most favorable to the Commonwealth as verdict winner, the evidence and all reasonable inferences drawn therefrom support the jury's finding of all the elements of an offense beyond a reasonable doubt. *Commonwealth v. Mattison*, 82 A.3d 386, 392 (Pa. 2013) (*citing Commonwealth v. Montalvo*, 956 A.2d 926, 932 (Pa. 2008)). In applying this standard, Pennsylvania courts acknowledge that "the Commonwealth may sustain its burden by means of wholly circumstantial evidence." *Montalvo*, 956 A.2d at 932 (*citing Commonwealth v. Diggs*, 949 A.2d 873, 877 (Pa. 2008)). The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence, as any doubts regarding a defendant's guilt may be resolved by the fact finder unless the evidence is so inconclusive that, as a matter of law, no probability of guilt may be drawn. *Commonwealth v. Devine*, 26 A.3d 1139, 1145 (Pa. Super. 2011) (*quoting Commonwealth v. Jones*, 874 A.2d 108, 120–121 (Pa. Super. 2005)). The fact finder is free to believe all, part, or none of the evidence. *Id.*

The Defendant challenges the sufficiency of the evidence for his firearms and possession of a controlled substance convictions on the grounds that the Commonwealth failed to establish possession. "Physical possession or control means the knowing exercise of power over a

4

weapon [or controlled substance], which may be proven through evidence of a direct, physical association between the defendant and the weapon [or controlled substance] or evidence of constructive control." *Commonwealth v. Newman*, 99 A.3d 86, 100 (Pa. Super. 2014) (*quoting Commonwealth v. Hanson*, 83 A.3d 1023, 1036 –1037 (Pa. 2013). Constructive control entails the ability to exercise a conscious dominion over the firearm or controlled substance and the intent to do so. *Hanson*, 83 A.3d at 1037 (*citing Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983)). Constructive possession may be established by the totality of the circumstances. *Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013) (*citing Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. 2012).

To sustain a conviction for Possession of a Firearm Prohibited, the Commonwealth must prove that a defendant possessed a firearm and was previously convicted of an offense enumerated in 18 Pa.C.S. § 6105(b). *Commonwealth v. Williams*, 911 A.2d 548, 550–551 (Pa. Super. 2006). Possession may be proved entirely through circumstantial evidence. *Commonwealth v. Buford*, 101 A.3d 1182, 1189–1190 (Pa. Super. 2014). To convict a defendant of Carrying a Firearm Without a License, the Commonwealth must prove beyond a reasonable doubt that (1) the weapon was a firearm; (2) the firearm was unlicensed; and (3) the firearm was concealed on or about the defendant's person or in a vehicle, outside his home or place of business. *Commonwealth v. Coto*, 932 A.2d 933, 939 (Pa. Super. 2007) (*citing Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004)); 18 Pa.C.S. § 6106(a)(1). A person is prohibited from carrying a firearm on a public street in Philadelphia unless that person holds a valid license or is exempt from licensing under 18 Pa.C.S. § 6106(b). 18 Pa. C.S. § 6108.

To sustain a conviction for Possession of a Controlled Substance, the Commonwealth must prove that a defendant had a knowing or intentional possession of a controlled substance

and, if the controlled substance is not found on a defendant, constructive possession may be found if the defendant has control and access to the area where the substance is located. *Commonwealth v. Johnson*, 26 A.3d 1078, 1094 (Pa. 2011) (*citing Commonwealth v. Valette*, 613 A.2d 548, 550 (Pa. 1992)). In constructive possession cases, the Commonwealth maintains the burden of proving that the defendant had the power to control the contraband and the intent to exercise that control. *Id.*

In *Hopkins, supra*, the Superior Court held that sufficient evidence supported the appellant's Carrying a Firearm Without a License, Possession with Intent to Distribute, and Simple Possession convictions under the theory of constructive possession. The *Hopkins* appellant was arrested for attempting to sell heroin from the driver's seat of a motor vehicle, and police recovered a firearm between the passenger seat and center console. Reviewing the case based on the totality of the circumstances, the Superior Court held that, because the appellant sought to hide the heroin between the driver's seat and center console, and because the firearm was discovered within an arms-length of where the appellant was seated, the appellant was in constructive possession of both the firearm and the heroin. *Hopkins*, 67 A.3d at 821.

When viewed in their totality, the facts and circumstances support the conclusion that the Defendant was in constructive possession of both the firearm and the heroin. The firearm was discovered within an arms' reach of the Defendant in the back seat area of a vehicle that the Defendant controlled. N.T. 6/14/2016 at 30–31. The heroin was observed in a center car console that the Defendant opened and reached into. *Id.* at 43–44. The Defendant's secure court record indicates that he had previously been convicted of an enumerated offense under 18 Pa.C.S. § 6105(b). *Id.* at 56. The Certificate of Non-Licensure conclusively established that the Defendant was not licensed to carry a firearm at the time of his arrest, and the thoroughfare

outside 22 South Robinson Street is a public street in the City and Country of Philadelphia. *Id.* This evidence is sufficient to support the Defendant's convictions.

An argument that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence. *Commonwealth v. Davis*, 799 A.2d 860, 865 (Pa. Super. 2002). An allegation that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial court. *Commonwealth v. Dupre*, 866 A.2d 1089, 1101 (Pa. Super. 2005) (citing *Commonwealth v. Sullivan*, 820 A.2d 795, 805–806 (Pa. Super. 2003); *Commonwealth v. Widmer*, 744 A.2d 745, 751–752 (Pa. 2000). "A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror." *Commonwealth v. Bruce*, 916 A.2d 657, 665 (Pa. Super. 2007) (*citing Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000)).

For weight of the evidence claims, the Supreme Court has explained that the test is whether the verdict must be so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Diggs*, 949 A.2d 873, 879-80 (Pa. 2008). Since the finder of fact is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, for a defendant to prevail on a challenge of the weight, the evidence must be "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Sullivan*, 820 A.2d 795, 806 (Pa. Super. 2003). An appellate court cannot substitute its judgment for that of the finder of fact. *Commonwealth v. Morris*, 958 A.2d 569, 577 (Pa. Super. 2008) (*citing Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003)). A weight of the evidence

challenge is one of the least assailable reasons for granting or denying a trial. *Commonwealth v. Horne*, 89 A.3d 277, 285 (Pa. Super. 2014) (*citing Widmer*, 744 A.2d at 753).

In the Defendant's initial 1925(b) statement, he challenged the credibility of Officers Adams and Starks. At trial, Officer Adams testified that he observed the barrel of the firearm concealed underneath the front passenger seat of the Nissan Altima, while Officer Starks testified that the entire weapon lay exposed in the rear compartment behind the front passenger seat. The officers further testified that the Defendant drove the vehicle southbound on Robinson Street, crossing over Market Street, while prior testimony indicated that the Defendant travelled westbound on Market Street and executed a left-hand turn onto Robinson Street. These inconsistency does not render the evidence so tenuous, vague, or uncertain as to shock this Court's sense of justice. Both officers testified that they pulled over a grey Nissan Altima, driven by the Defendant, in front of 22 South Robinson Street for an improper sunscreen violation. It is undisputed that upon asking the Defendant for his license, registration, and proof of insurance, Officer Starks observed heroin in the vehicle's center compartment, and a subsequent investigative sweep revealed a black revolver in the rear compartment whose handle was exposed facing towards and within arms-reach of the Defendant. As the finder of fact in this case, this Court is permitted to believe all, none or some of the facts of this case. Minor inconsistencies concerning the location of the firearm do not detract from the combined weight of Adams' and Starks' testimony that the handle of the gun faced the Defendant, within his arms' reach.

The Defendant challenges the discretionary aspects of the aggregated total sentence. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Bricker*, 41

8

A.3d 872, 875 (Pa. Super. 2012) (*citing Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)). An abuse of discretion is more than just an error in judgement, and the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will. *Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013) (citation omitted). "A sentencing court generally has discretion to impose multiple sentences concurrently or consecutively, and a challenge to the exercise of that discretion does not ordinarily raise a substantial question." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 784–785 (Pa. Super. 2015) (*quoting Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014)).

To prevail, a defendant must raise a "substantial question" by articulating clear reasons why the sentence issued "compromises the sentencing scheme as a whole." *Dunphy*, 20 A.3d at 1222 (Pa. Super. 2011) (*citing Commonwealth v. Dalberto*, 648 A.2d 16, 22 (Pa. Super. 1994)). An appellant bears the burden of showing that the actions by the sentencing court were "inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa. Super. 2003). Ordinarily, a claim that a sentencing court failed to accord proper weight to a specific sentencing factor does not raise a substantial question. *Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015).

The Defendant avers that the sentence imposed by this Court was manifestly excessive, as this court allegedly sentenced the Defendant in excess of what the guidelines called for in this case. Prior to sentencing, this Court reviewed the Defendant's pre-sentence and mental health reports, and discovered that the Defendant had twelve convictions, including aggravated assault, theft, drug distribution, and drug possession, for a prior record score of five. N.T. 6/17/2016 at 5–10. At sentencing, this Court heard argument that while the Defendant had a long history with

9

the criminal justice system, the vast majority of his convictions were for non-violent crimes, and his only violent crime, a conviction for Aggravated Assault, occurred eighteen years prior to the instant matter. *Id.* at 17–18. In mitigation, this Court noted that the Defendant armed himself with a gun only after he himself was shot weeks prior to the instant matter. *Id.* at 21.

The offense gravity score for Possession of a Firearm Prohibited is ten and, given the Defendant's prior record score of five, the standard range period of minimum confinement is sixty to seventy-two months. The offense gravity score for Firearms Not to be Carried Without a License is nine and the standard range period of minimum confinement is forty-eight to sixty months, while the offense gravity score for Carrying Firearms on a Public Street in Philadelphia is five and carries a standard minimum range sentence of twelve to eighteen months in prison, and the offense gravity score for Possession of a Controlled Substance is three and the standard minimum range sentence is six to sixteen months of incarceration.[4] This Court imposed a mitigated range sentence of four to ten years for Possession of a Firearm Prohibited, a concurrent, mitigated-range sentence of three-and-a-half to seven years for Firearms Not to be Carried Without a License, and no further penalty on the remaining charges, for a total sentence of four to ten years imprisonment. The Defendant fails to demonstrate how this Court imposed a manifestly excessive sentence, or otherwise acted inconsistent with the sentencing code.

For the foregoing reasons, the decision of this Court should be affirmed.

BY THE COURT,

Barbara A. McDermott, J.

---

[4] Driving with a Suspended or Revoked License and Improper Sunscreen are summary offenses carrying a $200 and $25 fine, respectively.

10